United States Bankruptcy Court
District of Massachusetts

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VERONICA JUMPP, | ) | Chapter 13 |
| DEBTOR. | ) | Case No. 06-40677-JBR |
| | ) | |
| In re: | ) | |
| | ) | |
| JOYCE OKYERE | ) | Chapter 13 |
| DEBTOR | ) | Case No. 06-40479-JBR |
| | ) | |

**MEMORANDUM OF DECISION REGARDING MOTIONS FOR DETERMINATION AND DECLARATORY JUDGMENT AS TO CONTINUANCE AND EXISTENCE OF THE AUTOMATIC STAY AND MOTIONS TO REIMPOSE AUTOMATIC STAY AS TO ALL CREDITORS PURSUANT TO 11 U.S.C. § 105(a)**

This matter having come before the Court on Motion for Determination and Declaratory Judgment as to Continuance and Existence of the Automatic Stay with respect to the residence of each of the above Debtors [document #41 in Case No. 06-40677 ("Jumpp") and document #38 in Case No 06-40479 ("Okyere")]and the Debtors' Motions to Reimpose the Automatic Stay as to All Creditors Pursuant to 11 U.S.C. § 105(a) [Jumpp document #49; Okyere document #46] and the Oppositions of Chase Home Finance, LLC, the mortgagee with respect to the residence of each Debtor, to each of the foregoing Motions [Jumpp document ## 44, 48, and 53; Okyere document ## 41 and 50]. Each of the Debtors were previously unsuccessful in their attempts to obtain essentially the same relief as they currently seek.[1]

---

[1] In Jumpp see Court's Order of June 7, 2006 [Jump document #29] denying Jumpp Motion to Extend Automatic Stay [Jumpp document #19] and Court's Order of June 9, 2006 [Jumpp document #35] denying Jumpp Motion for Reconsideration [Jumpp document #33]. In Okyere see Court's Order of June 5, 2006 [Okyere document # 39]denying Okyere Motion to

FACTS

**Veronica Jumpp** filed a previous Chapter 13 case that was dismissed upon the Chapter 13 Trustee's Motion on February 6, 2006. She filed her current bankruptcy on May 1, 2006 and her first meeting of creditors was held on June 16, 2006. She is claiming that there is approximately $86,000 in equity in her residence which she claims is exempt under M.G.L. c. 188, § 1.

On May 30, 2006 she filed the Motion to Extend the Automatic Stay which did not seek emergency or expedited consideration. The Motion to Extend was set for hearing on June 6, 2006. The mortgagee objected on the grounds that the automatic stay could not be extended as the hearing was not held within 30 days as required by 11 U.S.C. § 362(c)(3). At the hearing Ms. Jumpp urged this Court to adopt the holding of *In re Toro-Arcilla*, 334 B.R. 224 (Bankr. S.D. Tex. 2005), in which Judge Isgur held that § 362(c)(4) and not just § 362(c)(3) applied to motions to extend the automatic stay in a *second* filing. The Court disagreed, *see In re Whitaker*, 341 B.R. 336, 344 (Bankr. S.D.Ga. 2006), and denied the Motion to Extend.

Ms. Jumpp then filed a Motion for Reconsideration and at oral argument on the Motion for Reconsideration, urged this Court to reconsider its Order in light of *In re Johnson*, 335 B.R. 805 (Bankr. W.D. Tenn. 2006), in which the court concluded that § 362(c)(3) applies only to "debts" and property of the debtor" and not to "property of the estate." Because in this district the property, including, most important to this Debtor, her home, remains property of the estate until a Chapter 13 plan has been fully consummated, she argued that under the holding in *Johnson* the automatic stay continues as to her home and other property of her estate. Again the

---

Extend Automatic Stay [Okyere document # 27].

2

mortgagee objected.

The Court denied the Motion to Reconsider because it failed to allege any newly discovered evidence, any manifest error of law, or any significant change in the law that would affect the prior outcome and further stated:

> She does not deal with the issue of how *Johnson*'s holding, even if followed by this Court, would apply in an instance such as this where she has exempted approximately $86,000 of equity in her home. The Reconsideration Motion is not the proper context in which to consider this issue nor others, such as whether *Johnson* renders § 362(c)(3) a nullity. Such concerns were not dealt with by the Debtor thus leading the court to enter its June 6, 2006 Order. The facts and the law were known to Debtor's counsel prior to filing the second case[2] and could have and should have been more fully presented to the Court.

The Debtor then filed her Motion for Determination and Declaratory Judgment[3] in which she urges the Court to adopt what she characterizes as the holding of *In re Paschal*, 337 B.R. 274 (Bankr. E.D. Tenn. 2006), that the automatic stay terminated by 11 U.S.C. § 362(c)(3)(A) applies only to debts or property of the Debtor and not to property of the estate. Arguing that her residence is and will remain property of the estate until she completes her plan, she reasons that the mortgagee cannot proceed with the foreclosure sale absent relief from the automatic stay. The mortgagee objects and argues that although the new provisions of § 362 are poorly drafted, it is an absurd outcome to hold that the termination of the automatic stay does not apply to property of the estate when the section is clear that Congress intended that a debtor in Ms. Jumpp's

---

[2]The Debtor had the same counsel in her previous case.

[3]Given a foreclosure sale of the residence is scheduled for June 30, 2006, the Court will rule on the instant Motions without requiring adversary proceedings to be commenced. *See* Fed .R. Bankr. P. 7001.

3

circumstances demonstrate by clear and convincing evidence that the current petition was not filed in bad faith. Moreover it argues that Ms. Jumpp is now seeking a third bite of the apple when nothing has changed factually or as at matter of law.

A few days after she filed the Motion for Determination and Declaratory Judgment, Ms. Jumpp filed a Motion to Reimpose the Automatic Stay in which she urges that Court to use its powers under 11 U.S.C. § 105(a) to reimpose the automatic stay as to all creditors. In her affidavit she testifies that she filed the instant bankruptcy in good faith and has proposed a confirmable plan, that she is seeking additional employment to meet all of the family's expenses and that she and her family, which includes a handicapped daughter, will suffer if the mortgagee is permitted to proceed with the foreclosure. She acknowledges that she has no family in the area to help her financially, that energy costs have increased, and that her hours at work have been reduced. Her husband suffered a work-related injury but twice has been denied disability benefits. She is actively looking for a second job. Again the mortgagee objected on the grounds that the debtor cannot meet the standards for imposing an injunction as she shows no likelihood of success on the merits.

**Joyce Okyere** filed a previous Chapter 13 case that was dismissed upon the Chapter 13 Trustee's Motion on February 7, 2006.[4] She filed her current bankruptcy on April 5, 2006 and on May 12, 2006 her first meeting of creditors was conducted. As indicated on schedule C, Ms. Okyere claims $194,000 of equity in her residence as exempt pursuant to M.G.L. c. 188, § 1.

On May 26, 2006 the mortgagee conducted a foreclosure sale of the residence and later

---

[4]Ms. Okyee is represented by the same counsel as Ms. Jumpp. That same counsel also represented Ms. Okyere in her previous bankruptcy.

4

that same day Ms. Okyere filed a Motion to Reinstate the Automatic Stay to prevent completion of, and ultimately void, the foreclosure sale. The mortgagee objected because the Debtor's right to seek an extension of the automatic stay had expired and there was no basis to void the sale. On June 1, 2006 the Court heard the matter and on June 5, 2006 denied the Debtor's Motion and stated as follows:

> THE COURT DOES NOT BELIEVE IT HAS THE AUTHORITY UNDER SECTION 362(c)(3)(C) TO EXTEND THE STAY BEYOND THIRTY DAYS. THERE IS NO BASIS PLED IN THE MOTION TO INVALIDATE THE SALE. IF CHASE DESIRES TO VACATE STAY NUNC PRO TUNC, AN APPROPRIATE MOTION SHOULD BE FILED.

In the interim Ms. Okyere filed her Motion to Determine the Existence and Continuation of the Automatic Stay with respect to her residence. The mortgagee objects. Both the Debtor's and mortgagee's arguments are the same as those advanced in the Jumpp case. On June 14, 2006 the Debtor filed her Motion to Reimpose the Automatic Stay along with a Motion to Refinance in which she seeks to refinance the foreclosed property with a new lender and pay the current mortgagee in full. The Chapter 13 trustee objected because the amount owed by the Debtor under the plan is still undetermined. The Debtor and Chapter 13 trustee agreed to submit a proposed order satisfying the Chapter 13 trustee's concerns. The mortgagee did not object as it appears as the foreclosure sale was not consummated[5] and the refinancing will pay off the mortgagee. The foreclosure sale has been rescheduled for July 26, 2006 and the mortgagee is asking that the automatic stay not be reimposed so that it may proceed with the foreclosure if

---

[5] It is unclear why the sale was not completed but the Court notes that the third required notice of the foreclosure was published one day after the Debtor filed her bankruptcy, possibly as a result of her counsel providing the mortgagee with the wrong filing date.

5

necessary. The parties advance the same legal arguments in support of and in opposition to the Motion to Reimpose the Automatic Stay as advanced in the Jumpp case.

DISCUSSION

When a debtor files a bankruptcy petition, virtually all of his property, with some exceptions, becomes property of a bankruptcy estate. 11 U.S.C. § 541. Unlike under the Bankruptcy Act, property of the estate includes property which a debtor seeks to exempt. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 641-42, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Once the deadline for filing objections to the claimed exemptions passes, however, the exempted property is no longer property of the estate. *Id.* Similarly property of the estate ceases to be property of the estate upon its sale or abandonment. *See* H.R.Rep. No. 95-595, 95th Cong., 1st Sess., at 343 (1977). U.S.Code Cong. & Admin.News 1978, p.6299.

Section 362 of the Bankruptcy Code stays certain actions against a debtor,[6] against

---

[6] Section 362(a)(1), (6), and (8) stay
    (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title...

    (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title...

    (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

property of the debtor,[7] against the bankruptcy estate,[8] and against the both the debtor and property of the estate.[9] Thus there is a difference between property of the debtor and property of the estate and that, along with the language of § 362(c)(3)(A), gives rise to the current dispute as to whether § 362(c)(3)(A) terminates the stay only a to property of the debtor.

Section 362(c)(3)(A) provides

> if a single or joint case is filed by or against debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--
>
> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case....

---

[7]Section 362(a)(5) stays
> any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title....

[8]Section 362(a)(3), and (4) stay
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
>
> (4) any act to create, perfect, or enforce any lien against property of the estate...

[9]Section 362(a)(2) stays
> the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title.

As courts struggling to interpret the new provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") have recognized, interpreting § 362(c)(30(A) is challenging to say the least. Citing to his colleagues in other districts, Judge Deasy noted

> the Court notes that the language in new § 362(c)(3) is very poorly written....It has been noted that the provisions of this new subsection "are, at best, particularly difficult to parse and, at worst, virtually incoherent." *In re Charles*, 332 B.R. 538, 541 (Bankr.S.D.Tex.2005). Judge Thomas Small, former chair of the Advisory Committee on Bankruptcy Rules, has stated that "[i]n an Act in which head-scratching opportunities abound for both attorneys and judges alike, § 362(c)(3)(A) stands out." *In re Paschal*, 337 B.R. 274, 276-78 (Bankr.E.D.N.C.2006). This Court likewise finds the provisions of § 362(c)(3) to be neither consistent nor coherent.

*In re Baldassaro*, 338 B.R. 178, 182 (Bankr. D.N.H. 2006).

Unlike *Paschal* and *Balsassaro* where the courts were able to find other basis for their decisions, this Court must confront directly the question of whether § 362(c)(3)(A) was intended to recognize the distinction between property of the debtor and property of the estate. With due respect to those courts finding that the language of § 362(c)(3)(A) only terminates the automatic stay as to property of the debtor,[10] this Court finds that the language of the section, even when read in isolation, is less than clear. The legislative history, while sparse, does not indicate that there was an intent to differentiate between the debtor's and the estate's property. *See* HR Rep.

---

[10] *See e.g., In re Harris*, 2006 WL 1195396 (Bankr. N.D. Ohio) ("The Court further finds that § 362(c)(3)(A) terminated the automatic stay as to (1) any action taken with respect to a debt of the debtor; (2) any action taken with respect to property of the debtor; and (3) any action taken with respect to any lease of the debtor. No other portion of the automatic stay, including the stay relating to property of or from the estate, was effected."); *In re Moon*, 339 B.R. 668, 673 (Bankr. N.D. Ohio 2006)("the Court concludes that the language of § 362(c)(3)(A) unambiguously terminates the automatic stay only as it applies to 'debts' or 'property of the debtor.'"); *In re Jones*, 339 B.R. 360, 363 (Bankr. E.D.N.C. 2006).

No. 31, 109th Cong., 1st Sess 302 (2005)(Section 302 of the Act amends section 362(c) of the Bankruptcy Code to terminate the automatic stay within 30 days in a chapter 7, 11, or 13 case filed by or against an individual if such individual was a debtor in a previously dismissed case pending within the preceding one-year period."). The thrust of amended section 362 is to burden the so-called "repeat filer" with demonstrating why the automatic stay should be extended. To read § 362(c)(3)(A) as only terminating the automatic stay as to property of the debtor frustrates this goal. Moreover a limited reading of the section would place some creditors, including the mortgagee in Ms. Okyere's case,[11] in the situation of having relief to proceed against her exempted equity but being frustrated because the collateral, at least to the extent secured by the creditors' claims, remains property of the estate. Such a reading undermines a mortgagee's right to proceed against his collateral even where the value of the collateral does not exceed the total of the secured claims and the exemption. Although a mortgagee could seek relief from the automatic stay to foreclose on the estate's interest in the mortgagee's collateral, requiring a creditor to take such action is inconsistent with the intent of § 362(c)(3)(A).

Moreover the language of § 362(c)(4)(A), which deals with debtors who filed a third bankruptcy petition within one year of having the other two cases dismissed, imposes a much more harsh remedy on these repeat filers: no automatic stay comes into effect. This section, in which the language does not directly parallel that of § 362(c)(3)(A), omits the phrase "with respect to the debtor." The Court does not believe that Congress intended to give a debtor filing her second bankruptcy within one year after her previous case was dismissed significantly greater

---

[11]The thirty day period for filing objections to Ms. Okyere's homestead exemption has passed.

9

protection than a debtor who is filing her third petition. Read together, the distinction that Congress was intending is that the "two-time" filer gets some breathing space, albeit only thirty days unless within that time the Court finds the debtor has met her burden for extending the stay while a debtor filing her third or more petition has no automatic stay protection. It is the number of filings that is the critical distinction Congress was asking courts to make, not the extent to which the automatic stay applies. It is difficult to imagine that Congress intended that the harsh effect of § 362(c)(4)(A) and the virtually meaningless one that would result from the interpretation of § 362(c)(3)(A) urged by these Debtors is to be occasioned by the filing of one additional bankruptcy petition.

Although the Court is sympathetic to the plight of each of the above Debtors, having concluded that § 362(c)(3)(A) terminates the automatic stay on the 30th days after each of the Debtors filed her second bankruptcy petition, the Court cannot use its general equitable powers under § 105(a) to impose a stay Congress has declared must terminate if the requirements of § 362(c)(3) are not met.

CONCLUSIONS

For the foregoing reasons, the Motions will be denied. Separate orders will issue.

Dated: June 23, 2006                                     /s/   Joel B. Rosenthal
                                                         ____
                                                         Joel B. Rosenthal
                                                         United States Bankruptcy Judge.

10